State, Schushard, pros., v. Drake.

## THE STATE, SCHUSHARD, PROS., v. DRAKE, COLLECTOR OF TAXES.

1. A service of a notice, under section 21 of the tax law of 1866, upon the prosecutor's tenant, is not sufficient.
2. The defect is not cured by the prosecutor's attorney appearing before the commissioners of appeal and protesting against the legality of such service.

*Certiorari.*   In matter of taxation.

For prosecutor, *Wm. H. Leupp.*

For defendant, *A. V. Schenck.*

The opinion of the court was delivered by

VREDENBURGH, J.   The first reason assigned for setting aside this tax is, that the notice of the application to increase the prosecutor's tax was not legally served ; that it was served, not upon him, but upon his tenant.

The assessor of Piscataway township, in Middlesex county, assessed the prosecutor, on all his taxable property, for the year 1866, the sum of two hundred and ninety-seven dollars and sixty cents.   The township committee, by virtue of the act, (*Pamph. L.* 1866, § 21,*) complained to the commissioners of appeal, and they, on hearing the parties, increased his tax to the amount of four hundred and fifty-one dollars.   The act,.

*Rev.*, p. 1158, § 79.

(*Pamph. L.* 1866, § 21,) provides that the collector shall notify the tax payer, at least ten days before the time of meeting of the commissioners, by delivery to him, or leaving it at his dwelling-house, the notice in writing. The objection here is, that the notice was not served on the prosecutor according to the statute.

It was not served on the prosecutor personally, nor delivered to him, or left at his dwelling-house. It was not served, therefore, literally, accörding to the statute. The only service shown was by delivering the notice to his tenant at Newmarket, some miles distant from the prosecutor's dwelling-house.

This was not the kind of service contemplated by the statute. There is no evidence that the prosecutor had ever appointed his tenant his agent for that purpose. But it is said that he appeared by attorney. But the attorney, when he appeared, protested against the legality of the service of the notice. The case, therefore, stands as if this tax had been increased thus without any notice to the prosecutor, and was, consequently, illegal, and must be set aside.